McKinney, J.,
delivered the opinion of the Court.
This hill was filed to enjoin the prosecution of an action of ejectment, brought by the defendants against the complainant, for the recovery of a tract of land lying in Knox county.
It appears that the complainant purchased said land at execution sale, on the :20th of June, 1838, and that it was conveyed to him shortly thereafter, by a deed from the sheriff; and that he has been in possession thereof ever since the date of his purchase.
The land was sold by the sheriff, as the property of the defendant, William Clark, who had been in possession of the same for about twelve years preceding said sale, claiming to hold, as is alleged in the bill, under a purchase from his brother, Hugh M. Clark. The bill charges, that said William Clark paid his brother for said' land, and received a deed of conveyance from him for the same; but said deed appears not to have been registered, and cannot be found.
William Clark removed beyond the limits of this State, about the time of said execution sale. Hugh M. Clark died in 1837, prior to the sale, leaving the defendants, Caroline and Margaret, his only heirs at law, both of whom were then minors.
It further appears, that at the June Term of the Circuit Court of Knox, 1837, the defendant, William Clark, entered into a recognizance before said Court, in the penalty of $1500, for the appearance of his son-in-law, who stood indicted upon a charge of forgery. This recognizance was forfeited; and judgment was entered up for the penalty, at the following October Term of said Court. Upon this judgment, said tract of land was sold by the sheriff, and purchased by the complainant, as above stated.
The proof shows, that before entering into said recognizance, the defendant, William Clark, was sworn, and interrogated by the Court; and in answer to the interrogatories, he *175 declared on Ms oath, that he owned said tract of land; that he had “ a good deed” for it, and that it was free from incum-brance.
The hill charges, that said Hugh M. Clark was present in Court, and heard the foregoing statement of William Clark; and the proof tends to support this allegation. It is expressly proved, that he was in Knoxville on that day ; and, on his return home in the evening, he conversed with the witness, Steele, in regard to William Clark’s declaration on oath, in response to the inquiry of the Court, that he was the owner of said tract of land; and evinced a knowledge of all that had taken place in the Court, in reference to that matter. And, in the same conversation, he further stated, that William Clark “ had paid him up ” for said land. The proof likewise establishes, that about the year 1826, William Clark paid to his brother Hugh M., a' horse beast, and two hundred and fifty or three hundred dollars in money, for said land, and that a deed was executed by Hugh M. to William, for the same. The declarations of both Hugh and William, that the land belonged to the latter, are proved to have been made at a period anterior to the execution sale. It would seem, however, from the statements of William, that he was in debt; and it is highly probable, from his own declarations, that, for that reason, his deed was not registered.
In 1850, the heirs of Hugh M. Clark, finding that there was no conveyance of record from their ancestor to William Clark for said land, set up claim to the same, and brought an action of ejectment for its recovery.
To enjoin this action, and to have the legal title divested out of said heirs, this bill was filed.
We are of opinion, that the Chancellor erred in dismissing the bill. The answers of the defendants, being founded on information merely, have no other effect than to make up an issue between the parties. The weight of the evidence sufficiently establishes, in our judgment, that the land was purchased and paid for by William Clark, some ten or twelve years prior to the execution sale ; and that the same was, in *176 fact, conveyed by Hugh M. to William, about the time of the purchase. These facts being established, it matters not that the deed was omitted to be registered. As between the parties, registration of the deed was unimportant. The legal title passed from Hugh M. Clark by the execution of the deed; and though the deed was never registered, yet, between him and Ms vendee, the divestiture of title was as complete as if registration had taken place. In this view, the case is a plain one for the relief sought by the bill. It is well settled, that the vendee of land, under an unregistered deed, has such an inchoate legal title, as subjects the land to execution at law for his debts. And if this be so, a fortiori would the lien of a recognizance entered into by him, bind the land thus held. But, again, if Hugh M. Clark were present, and had knowledge of the fact — as can scarcely be regarded doubtful — that William Clark assumed to he owner of the land, and as such, by his recognizance, created a lien thereon in favor of the State; the former, no less than the latter, would be estopped, as against the complainant, who acquired title under such lien, to set up claim to the land; and of course the estoppel would operate equally upon his heirs.
Upon the whole case, we are of opinion that the complainant is entitled to a decree. The decree of the Chancellor will, therefore, be reversed. „